UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAIAH STEWARD ROBINSON,

    Plaintiff,

v.

DANA M. NESSEL, et al.,

    Defendants.

Case No. 25-cv-11090

Honorable Robert J. White

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Isaiah Steward Robinson sued twenty-five state actors based on events that allegedly transpired at the Earnest C. Brooks Correctional Facility (LRF), in Muskegon County. (ECF No. 1, PageID.1, 16–24.). Robinson proceeds pro se and is currently incarcerated at the Alger Maximum Correctional Facility in Munising, Michigan. The twenty-five Defendants named in the complaint include: Michigan Attorney General Dana Nessel, located in Ingham County; three private attorneys (locations unknown), *see id.*, PageID.9; three Michigan Parole Board members, located in Ingham County; Michigan Department of Corrections (MDOC) Director Heidi Washington, located in Ingham County; MDOC employee Michael

Burgess, located at the Oaks Correctional Facility, in Manistee County; MDOC LRF employees C. King, Derwin, Johnson, T. Page, D. Miller, J. Fager, Calkins, Christopher, D.A. Moore, Glines, Lo, Reed, Goulet, A. Streit, Chauvez, and Robart, all located in Muskegon County. (*Id.* at PageID.1).

28 U.S.C. § 1391 governs the determination of proper venue for a civil action in federal court. The statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. § 1391(b)(1)–(2). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 Fed. App'x 468, 472 (6th Cir. 2012).

Here, the Defendants and events giving rise to the complaint are all located in counties that are part of the Western District of Michigan. *See* 28 U.S.C. § 102(b) (defining counties in Western District). Because the facts alleged in the complaint indicate that venue is proper in the Western District, and because there is no apparent basis for venue to lie in the Eastern District, the Court finds that the interests of justice are served by transferring the case to the Western District. *See* 28 U.S.C. § 1406(a) (authorizing court to transfer case to "any district . . . in which it could have been brought"). In doing so, the Court will not decide whether Robinson is

entitled to proceed *in forma pauperis* or whether his complaint survives review under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c). Accordingly,

IT IS ORDERED that the case is transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

Dated: May 16, 2025                     s/Robert J. White
                                        Robert J. White
                                        United States District Judge